JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
 9th floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone: (415) 436-7017

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **NO. C-07-00510-SBA** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | ] |
| **CHARLES G. MOYER, et al.,** ) | **DECREE OF SALE** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

The United States of America and the defendants, through the undersigned, stipulate and agree that the court decree the sale of the subject real property as follows:

      1.     Sale is authorized by 28 U.S.C., §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403, the Court rules and orders as follows:

      2.     Charles G. Moyer owns the real property located at 243 Alicante Court, Danville, California, and described in the Official Records in the office of the County Recorder, Contra Costa County, California, describing the real property as follows:

> Parcel Number 218-451-006
>
> Lot 24 as shown on the Map of Subdivision 4496, filed June 19, 1974 in Book 170 of Maps at page 7, Contra Costa County, California Records.
>
> Excepting therefrom: All oil, gas, other hyrdocarbons or minerals located more that 500 feet beneath the surface of the earth together with the right to extract or remove the same, without any rights of surface entry for such purposes.
>
> Subject to the Covenants, Conditions and Restrictions contained in the declaration by Dame' Construction Co., Inc. recorded March 19, 1975 in Book 7457 of Official Records at page 103.

**DECREE OF SALE (NO. C 07-00510-SBA)**          1

3. The United States Marshal for the Northern District of California, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") representative, is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property. The United States may choose either the United States Marshal or a PALS representative to carry out the sale under this order and shall make the arrangements for any sale as set forth in this Order.

4. The Marshal, his or her representative, or a PALS representative is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property are delivered to the ultimate purchaser(s).

5. The terms and conditions of the sale of the property are as follows:

    a. the sale of the Property shall be free and clear of the interests of Charles G. Moyer, California State Board of Equalization, Stephen E. Trettin and Pamela J. Trettin Family Trust, First American Title Insurance, Nino J. Gianelli, Wallace Kresley and F.J. Soliven-Meglin;

    b. The sale of the property shall not relinquish any interests in the property that are held or asserted by any persons not named as parties in subsection 5(a), including but not limited to, Associated Fee Adjusters and Cyrus Killen;

    c. the sale shall be subject to the building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the property, and easements and restrictions of record, if any;

    d. the sale shall be held at the courthouse of the county or city where the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

    e. the date and time for sale are to be announced by the United States Marshal, his or her representative, or a PALS representative;

    f. notice of the sale shall be published once a week for at least four

consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Contra Costa County, and at the discretion of the Marshal, his/her representative, or a PALS representative, by any other notice deemed appropriate. The notice shall contain a description of the property and shall contain the terms and conditions of the sale in this order of sale;

      g.    the minimum bid will be set by the United States of America. If the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS representative may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

      h.    the successful bidder(s) (except for the United States) shall be required to deposit at the time of the sale with the Marshal, his/her representative, or a PALS representative, a minimum of $20,000, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the Northern District of California.

Before being permitted to bid at the sale, bidders (except for the United States) shall display to the Marshal, his or her representative, or a PALS representative, proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this order of sale;

      i.    the balance of the purchase price for the property is to be paid to the United States Marshal, or a PALS representative (whichever person is conducting the sales) within twenty (20) days after the date the bid is accepted, by certified cashier's check payable to the United States District Court for the Northern District of California. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the tax liabilities of Charles G. Moyer at issue herein. The Property shall be again offered for sale under the terms and conditions of this order of sale. The United States may bid as a credit against its judgment without tender of cash;

j.      the sale of the property shall be subject to the confirmation by this Court. The Marshal or a PALS representative shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within 20 days from the date of the balance of the purchase price;

k.      on confirmation of the sale, all interests in, liens against, or claims to, the property that are held or asserted by parties, United State of America, California State Board of Equalization, Stephen E. Trettin and Pamela J. Trettin Family Trust, Nino J. Gianelli, Wallace Kresley, and F.J. Soliven-Meglin are discharged and extinguished;

l.      The confirmation of the sale of the property shall not relinquish any interests in, liens against, or claims to, the property that are held or asserted by any persons not named as parties in subsection 5k, including but not limited to, Associated Fee Adjusters and Cyrus Killen;

m.      on confirmation of the sale, the recorder of deeds Contra Costa County, California shall cause transfer of the property to be reflected on upon that county's register of title; and

n.      the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

6.      Until the property is sold, defendant Charles G. Moyer shall take all reasonable steps necessary to preserve the property (including all building improvements, fixtures and appurtenances on the property) in its current condition, including, without limitation, maintaining a fire and casualty insurance policy on the property. He shall neither commit waste against the property nor cause or permit anyone else to do so. He shall neither do anything that tends to reduce the value or marketability of the property, nor cause or permit anyone else to do so. He shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting sings) that may directly or indirectly tend to adversely affect the value of the property or that may tend to deter or discourage potential bidders form participating in the public auction, nor shall he cause or permit anyone else to do so.

7. All persons occupying the property shall leave and vacate the property permanently within thirty (30) days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures and appurtenances to the property). If any person fails or refuses to leave and vacate the property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person(s) from the premises, whether or not the sale of such property is being conduction by a PALS representative. If any person fails or refuses to remove his or her personal property from the properties by the time specified herein, the personal property remaining on the properties thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which the proceeds of the sale are to be applied first to the expenses of the sale and the balance to be distributed pursuant to further Order of this Court. See, e.g., **U.S. v. Burdline,** 205 F.Supp.2d 1175, 1180-81 (W.D. Wash. 2002) (ordering sale proceeds from tax foreclosure to be distributed first to allowed costs of state); cf. 26 U.S.C. § 6342 (providing that, where the United States seizes and sells property in satisfaction of a federal tax lien, the proceeds of the sale shall be used first to pay "the expenses of levy and sale").

The proceeds arising from sale are to be held and distributed by the United States Marshal or PALS representative, whichever entity sold the real properties, pursuant to the Order(s) confirming the sale of the real property and ordering disbursal of the sale proceeds.

**IT IS SO ORDERED.**

Dated: 7/3/08

_Saundra B Armstrong_
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA,

        Plaintiff,

  v.

CHARLES MOYER et al,

        Defendant.

Case Number: CV07-00510 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 7, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charles Grady Moyer
243 Alicante Court
Danville, CA 94526

Dated: July 7, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk