**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

CHARLES GRADY MOYER, *et al.*

    Defendants.

No. C 07-00510 SBA

**ORDER**

[Docket No. 42]

In its August 12, 2008 Order [Docket No. 56], the Court stayed its July 7, 2008 Sale Order [Docket No. 47], pending disposition of defendant Charles Grady Moyer's Ex Parte Motion to Set Aside Order of Sale Entered July 7, 2008 Based on Fraud or Mistake and in Violation of 26 U.S.C. § 6331(j) [Docket No. 50]. The Court also requested the parties to address the Court's authority to order a forced sale under 26 U.S.C. § 7403(c), when the sum of the liens senior to the government's liens exceeds the appraised fair market value of Moyer's home, and where the case law interpreting § 7403(c) bars a sale where the government will not benefit from it. *See* Docket No. 56 at 14-15.

In response, First American Title Insurance Company ("FAT") and the California State Board of Equalization (the "Board") take the position that Moyer may invoke his declared homestead exemption, under section 704.910 *et seq.* of the California Code of Civil Procedure. *See* Docket Nos. 57 & 60. FAT and the Board also assert that they and the government, to the extent they held voluntary liens or state or federal tax liens, would be unaffected by any such invocation. *See id.* Nonetheless, the Board asserts that if it were to waive its priority over the government, in an amount equal to the exemption, the government would be able to invade Moyer's exemption and thus recover some proceeds from a forced sale. *See* Docket No. 57.

The Court requested the parties to brief the extent to which a forced sale must comply with section 704.800 of the Code of Civil Procedure, California's minimum bid requirement for the forced sale of homesteads, if Moyer invokes his homestead exemption under California law. *See* Docket No. 71. In response, FAT and the Board assert that California's homestead provisions are

procedural, and thus preempted by § 7403(c), which allows a federal district court to set the terms of a forced sale. *See* Docket Nos. 73-74. While they concede the Court thus has the authority to apply California's homestead procedure to Moyer's forced sale, they request the Court not to. *See id.*

The Court notes that section 7403(c), states in part that:

> The court *shall*, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, *may* decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

While the first clause assigns the Court a *mandatory* duty, the second clause confers a *discretionary* duty upon it. *U. S. v. Overman*, 424 F.2d 1142, 1146 (9th Cir. 1970). Further, there is authority which suggests the Court may not force a sale, if it will not benefit the government. *U.S. v. Boyd*, 246 F.2d 477, 481 (5th Cir. 1957), *cited in Overman*, 424 F.2d at 1146. And, in ordering a sale, the Court may exercise its full discretionary equitable powers to shape "a decree designed to work substantial justice among all interested persons." *Overman*, 424 F.2d at 1146.

Based on the language of § 7403(c), the case law interpreting it, and the parties' briefs, the proper course for the Court, at this time, is to determine the parties' priorities, in order to determine the minimum bid required for a sale which will benefit the government. The Court thus ORDERS the parties to file briefs addressing: (1) the priorities of all the liens held by the parties which are either attached to Moyer's home at 243 Alicante Court, in Danville, California, or which any party seeks foreclosure on in this matter; (2) the amount of Moyer's homestead exemption under section 704.730 of the Code of Civil Procedure; and (3) the priority of Moyer's homestead exemption under section 704.950 of the Code of Civil Procedure, relative to the lien FAT holds by assignment from Nino Gianelli.

Briefs of 25 pages or less are due on or before February 10, 2009. Any party may file a joinder with, or concur in the reasoning of, briefs filed by other parties in lieu of filing a separate brief. Opposing briefs of 15 pages or less may be filed on or before February 17, 2009. Any party

who wishes to waive all or part of their priority must file a declaration identifying to what extent or in what amount they are waiving it, on or before the opening briefs are filed.  The Court may hold a hearing on these issues on February 24, 2009 at 1:00 p.m., in Courtroom 3 of the United States Courthouse, 1301 Clay Street, 3rd Floor, Oakland, California, 94612, unless otherwise ordered.

IT IS SO ORDERED.

January 20, 2009

_____
Saundra Brown Armstrong
United States District Judge